IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA BOUVETTE,

        Plaintiff,

v.                                                 CIVIL ACTION NO.   2:13-cv-14908

AMERICAN WATER WORKS SERVICE
COMPANY, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Defendants' Motion for Leave to Amend Answer and Additional Defenses [Docket 5] and Plaintiff's Motion to Remand [Docket 6]. These motions are ripe for review. For the reasons set forth below, Plaintiff's Motion to Remand [Docket 6] is **GRANTED**, and Defendants' Motion for Leave to Amend Answer and Additional Defenses [Docket 5] is **DENIED AS MOOT**.

    **I.**     **Factual and Procedural History**

On April 4, 2013, the plaintiff, Linda Bouvette, filed a complaint against the defendants, American Water Works Service Company, Inc. ("AWWSC"), American Water Works Company, Inc. ("AWWC"), West Virginia-American Water Company ("WV-AWC"), and Jeff McIntyre, in the Circuit Court of Kanawha County, West Virginia. (Compl. [Docket1-1]). Ms. Bouvette alleged that she had been discharged from her employment based on her age, in violation of the West Virginia Human Rights Act, W. Va. Code §5-11-9(1) (1998), and that the defendants had failed to pay Ms. Bouvette her wages in full within seventy-two hours of her discharge, in violation of the

West Virginia Payment and Collection Act, W. Va. Code §21-5-1 (1987). Ms. Bouvette has, at all relevant times, been a resident and citizen of West Virginia. (Compl. [Docket 1-1], at ¶ 2). AWWSC and AWWC are Delaware corporations with their principal places of business in New Jersey (*see* Defs.' Notice of Removal [Docket 1], at ¶ 7-8), WV-AWC is a West Virginia corporation with its principal place of business in West Virginia (*Id.* at ¶ 9), and Mr. McIntyre is a resident and citizen of West Virginia. (*Id.* at ¶ 10)

On June 19, 2013, the defendants removed the action to this court. ([Docket 1]). In their notice of removal, the defendants argued that Ms. Bouvette had fraudulently joined WV-AWC and Mr. McIntyre "for the sole purpose of defeating the jurisdiction of this Court." (*Id.* at ¶ 9, 10). Ms. Bouvette filed a motion to remand on July 11, 2013. (Pl.'s Mot. to Remand [Docket 6]). In the accompanying memorandum [Docket 7], Ms. Bouvette asserts that the court should remand this case because: (1) the defendants' notice of removal was not timely filed; and (2) the in-state defendants were not fraudulently joined. (*Id.* at 1).

## II. Analysis

### A. Standard of Review

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree.' We presume 'that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Id.* For removal from state court to federal court to

2

be proper, the federal court must possess original jurisdiction over the case. 28 U.S.C. § 1441(a) (2012); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see also* 28 U.S.C. § 1332(a). However, the judicially created fraudulent joinder doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

### B.  Timeliness of Removal

Section 1446 of Title 28 of the United States Code provides that defendants generally must file a notice of removal within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). It also provides an exception to this thirty day limit, stating that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3). In the fraudulent joinder context, section 1446(b)(3) means that "a defendant has thirty days to remove an action after learning that a non-diverse defendant has been fraudulently joined." *Haythorn v. Erie Ins. Prop. & Cas. Co.*, No. 5:06CV67, 2006 U.S. Dist. LEXIS 65238, at

\*6 (N.D. W. Va. Sept. 11, 2006). "A failure to timely file a notice of removal constitutes a defect in removal procedure," and "[a] defect in removal procedure renders a case improperly removed." *Id.* at \*4 (citing *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999)).

      Here, the defendants argue that joinder of WV-AWC and Mr. McIntyre was fraudulent because WV-AWC was never Ms. Bouvette's employer, and Mr. McIntyre was never Ms. Bouvette's supervisor. They base these arguments on "documents received by defense counsel between May 24, 2013 and June 8, 2013 in anticipation of responding to Plaintiff's discovery requests," which it clams "reveal that Plaintiff's only employer during [the relevant] time period was [AWWSC]." (Defs.' Notice of Removal [Docket 1], at ¶ 17). The defendants also allege that Mr. McIntyre "was not Plaintiff's supervisor, nor did he provide any input, direct or indirect, regarding the termination of Plaintiff's employment." (*Id.* at ¶ 19) The defendants support their arguments with affidavits from Velma A. Redmond, the Vice President, General Counsel and Secretary for Pennsylvania-American Water Company, and the Divisional General Counsel for the Mid-Atlantic Division of AWWSC [Docket 1-2], and from Mr. McIntyre [Docket 1-3]. These affidavits state that "Ms. Bouvette remained at all times an employee of Defendant American Water Works Service Company, Inc." (Aff. of Velma A. Redmond [Docket 1-2], at ¶ 7), and that Mr. McIntyre "did not have the authority to terminate Ms. Bouvette's employment[.]" (*Id.* at ¶ 11; *see also* Aff. of Jeffrey L. McIntyre [Docket 1-3], at ¶ 8). The defendants do not deny that this information was all obtained from the defendants' own internal documents and not from any outside source.

The defendants note in both their notice of removal and their response to Ms. Bouvette's motion to remand that defense counsel did not know that WV-AWC was not Ms. Bouvette's employer or that Mr. McIntyre was not Ms. Bouvette's supervisor until they received documents from the defendants to respond to Ms. Bouvette's discovery requests. (Defs.' Notice of Removal [Docket 1], at ¶ 17, 19; Defs.' Resp. in Opp. to Pl.'s Mot. to Remand [Docket 8], at 7-8). Because of this, the defendants argue that their motion to remand was timely because the notice of removal was filed within thirty days of defense counsel receiving notice from the defendants of the alleged fraudulent joinder. (Defs.' Resp. in Opp. [Docket 8], at 6-7).

It is important that the defendants' argument is based on *defense counsel's* receipt of the information regarding fraudulent joinder, and not the *defendant's* receipt of the information. Section 1446 of Title 28 of the United States Code states that a notice of removal must be "filed within 30 days after receipt by *the defendant* . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). "[U]nless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." *Hillman v. IRS*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("The rules which are to aid doubtful meanings need no discussion" when the statutory language is clear and unambiguous.); *United States v. Morison*, 844 F.2d 1057, 1064 (4th Cir. 1988) ("When the terms of a statute are clear, its language is conclusive and courts are not free to replace that clear language with an unenacted legislative intent.")). Here, the plain language of the removal statute clearly states that the relevant date for determining the timeliness of removal is when *the defendant* receives a paper allowing it to ascertain the removability of the action. 28 U.S.C. §

5

1446(b)(3). The defendants cite to no case, and I have found none, supporting the proposition that the removal clock begins running when defense counsel receives a document from the defendant itself indicating that the action is removable.

The defendants contend that the holding in *Lovern v. Gen. Motors Corp.*, 121 F.3d 160 (4th Cir. 1997) supports the argument that their notice of removal was timely filed. In *Lovern*, the Fourth Circuit found that Section 1446 "does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." *Lovern*, 121 F.3d at 162. However, *Lovern* concerned a situation where the plaintiff had not indicated his own citizenship in the initial pleading. *Id.* at 161, 163. Thus, the court found that the defendant was not put on notice of the case's removability with the initial pleading, but rather was put on notice when it received "actual notice" of the plaintiff's citizenship. *Id.* at 163. The situation in *Lovern* is therefore easily distinguishable from this case, where the defendant had actual knowledge of its own corporate structure at the time the complaint was filed. *See also Indus. SiloSource, Inc. v. Maplehurst Bakeries, Inc.*, No. 2:08-cv-00926, 2008 U.S. Dist. LEXIS 69683, at *6-7 (S.D. W. Va. Sept. 15, 2008) (noting that it was "disingenuous at best" for the defendants to claim that they were unaware of the value of their own counterclaim, and finding removal untimely where "no new information has come to light that would give the defendants an opportunity to remove the case after the initial statutory period of thirty days").

Where the defendants are "able to detect the possibility of fraudulent joinder without any additional information supplied by" other sources, removability is first ascertainable when the defendants receive actual notice of fraudulent joinder. *Haythorn*, 2006 U.S. Dist. LEXIS 65238,

6

at *9; *see also, e.g.*, *Day v. Liberty Mut. Fire Ins. Co.*, No. 1:13CV16, 2013 U.S. Dist. LEXIS 64345, at *14-15 (N.D. W. Va. May 6, 2013) ("the defendant must remove within thirty days of the time it can first ascertain that a party has been fraudulently joined") (internal quotations omitted). The defendants argue that "there were few people with better knowledge of the distinctions between defendants and the identity of Plaintiff's true employer than Plaintiff herself." (Defs.' Resp. in Opp. [Docket 8], at 6). However, by this logic, the defendants themselves also should have been aware of these distinctions at the time they were served with Ms. Bouvette's complaint. The defendants had actual knowledge of their own corporate structure and employees from the date this action was filed. That the defendants did not inform outside counsel of their corporate structure until after the thirty day removal period had run is simply irrelevant. Therefore, the proper time for the defendants to remove this case was within thirty days of service of the complaint.

Based upon the foregoing, I **FIND** that Defendants' Notice of Removal [Docket 1] is untimely, and the case must be remanded. Accordingly, Plaintiff's Motion to Remand [Docket 6] is **GRANTED**. Because I find that defendants' notice of removal was untimely, I need not address the substantive grounds for removal. *See, e.g.*, *Link Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) ("If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal.")

### C. Award of Fees to Ms. Bouvette

Ms. Bouvette argues that she should be awarded attorney's fees pursuant to 28 U.S.C. 1447(c), which states that "[a]n order remanding the case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Whether or not to award fees "is left to the district court's discretion[.]" *Id.* at 139.

      In this case, the timing of the defendants' notice of removal was objectively unreasonable. The defendants allege that Ms. Bouvette should have known when she filed her complaint that WV-AWC was not her employer and that Mr. McIntyre was not her supervisor; however, they nonetheless argue that the defendants should be given additional time to discover the same information about themselves, with no legal basis for such a claim. Nowhere do the defendants cite to a single case supporting their claim that the thirty day clock for removal should begin when *defense counsel* receives notice of the grounds for removal, rather than the defendants themselves. The defendants themselves received no new information regarding removability after the filing of the complaint, yet moved for removal more than one month after the statutory deadline. There was no reasonable legal basis for the defendants to believe that their notice of removal was timely.

      Because I **FIND** the timing of the defendants' notice of removal lacked an objectively reasonable basis, I **ORDER** that the defendants pay the just costs and accurate expenses of the plaintiff in defending removal pursuant to 28 U.S.C. § 1447(c). These expenses include the plaintiff's attorney's fees in the matter. I **DIRECT** counsel for the plaintiff to file within ten days, in this court, an accounting for time spent and the rate charged for fees incurred in this matter.

**III.     Conclusion**

For the reasons stated above, Plaintiff's Motion to Remand [Docket 6] is **GRANTED**, and Defendants' Motion for Leave to Amend Answer and Additional Defenses [Docket 5] is **DENIED AS MOOT**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia.

ENTER:       September 9, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE